United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Ronald Freeman, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-62520-Civ-Scola |
| | ) | |
| PNC Bank, N.A., Defendant. | ) | |

### Order Dismissing Amended Complaint

Ronald Freeman, proceeding *in forma pauperis*, brings this lawsuit against PNC Bank, N.A. ("PNC") for money that PNC allegedly owes him. This matter is before the Court on the Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted (ECF No. 18). For the reasons set forth in this Order, the Court dismisses the Amended Complaint for lack of subject matter jurisdiction.

1. **Background**

Freeman brings this action under Article 3, Section 2 of the United States Constitution. (Am. Compl. ¶ 3, ECF No. 16.) Freeman alleges that PNC owes him $5,500, plus interest, "for money received by PNC via deposit of private contract #118" and "private contract #122" to Freeman's account, which Freeman alleges was payable to him "in consideration of work performed in the State of Florida." (*Id.* ¶¶ 4-5.) Freeman states that he "had a reasonable expectation that PNC Bank would pay the debts due to me in gold coin or the bullion market value of gold coin. . ." and alleges that PNC has improperly seized his property. (*Id.* ¶¶ 7-8.)

Freeman filed a complaint on October 25, 2016 (ECF No. 1). PNC subsequently filed a motion to dismiss the complaint for failure to state a claim (ECF No. 14.) Freeman failed to respond to the motion to dismiss, and the Court ordered Freeman to file a response or show cause why he failed to comply (ECF No. 15). On February 14, 2017, Freeman filed an Amended Complaint (ECF No. 16). PNC has moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 18). The Court has determined that it does not have subject matter jurisdiction over this action.

2. **Legal Standard**

A district court must have at least one of three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction; or (3) diversity jurisdiction. *Butler v. Morgan,* 562 Fed.

App'x. 832, 834 (11th Cir. 2014) (citations omitted). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). "[F]ederal courts always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n. 9 (11th Cir. 1993)).

A court may dismiss a federal question claim "for lack of subject-matter jurisdiction if (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) such a claim is wholly insubstantial and frivolous." *Butler v. Morgan*, 562 Fed. App'x. 832, 834 (11th Cir. 2014) (per curiam) (citing *Blue Cross & Blue Shield of Ala. V. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)); *see also Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (noting that although typically a court must assume jurisdiction in order to determine whether a complaint states a cause of action, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial. . . or where such a claim is wholly insubstantial and frivolous."); *McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (citations omitted) ("[t]he test of federal jurisdiction is not whether the cause of action is one on which the claimant may recover. Rather, the test is whether 'the cause of action alleged is so patently without merit as to justify. . . the court's dismissal for want of jurisdiction.'") A claim is wholly insubstantial and frivolous if it has no plausible foundation. *Butler*, 562 Fed. App'x. at 834.

In addition, a district court may dismiss a case proceeding *in forma pauperis* at any time if it determines that the action is frivolous or fails to state a claim on which relief can be granted. 28 U.S.C. 1915(e)(2)(B)(i); *see also Broner v. Washington Mut. Bank, FA*, 258 Fed. App'x. 254, 256 (11th Cir. 2007). "A claim is frivolous if it is without arguable merit either in law or fact." *Id.* (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (internal quotations omitted).

### 3. Analysis

Since the Amended Complaint seeks judgment in the amount of $5,500 plus interest, Freeman has not sufficiently alleged that diversity jurisdiction exists. *See* 12 U.S.C. § 1332(a) (requiring that the amount in controversy exceed the value of $75,000 exclusive of interest and costs to establish diversity jurisdiction). Freeman has also not sufficiently established that federal question jurisdiction exists or that jurisdiction exists pursuant to a specific statutory grant. The Amended Complaint cites to Article 3, Section 2 of

the Constitution, which states that the judicial power extends to all cases arising under the Constitution, the laws of the United States, and treaties made under their authority. This provision of the Constitution confers subject matter jurisdiction on federal district courts over civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. However, since Freeman has cited to no Constitutional provision, federal law, or treaty that authorizes this suit, Freeman has not established that this Court has subject matter jurisdiction.

Freeman also includes the following quote from Article 1, Section 10 of the Constitution in the Amended Complaint: "No State shall; make any Thing but gold or silver coin a Tender in Payment of Debts; pass any bill of Attainder, ex post facto law impairing the obligation of contracts." (Am. Compl. ¶ 6A, ECF No. 16.) However, as PNC notes in its motion to dismiss, Congress suspended the gold standard in 1933. H.J.R. Res. 192, 73d Cong., (1st Session 1933). Freeman also cites to the Supremacy Clause, the Appropriations Clause, and the Fourteenth Amendment, none of which have any relation to the factual allegations in the Amended Complaint. (Am. Compl. ¶¶ 6B, 6C, 6D, ECF No. 16.) Finally, the Amended Complaint cites to Title 38 of the Florida Statutes. (*Id.* ¶ 8.) However, Title 38 is a state law concerning disqualification of judges and is inapplicable to this matter.

Thus, even under the less stringent standards applied to pro se pleadings, the Amended Complaint is frivolous because Freeman's claims are wholly insubstantial and have no plausible legal basis that would confer subject matter jurisdiction on this Court.

### 4. Conclusion

Accordingly, the Court **dismisses** the Amended Complaint because the Court lacks subject matter jurisdiction. The Court denies all pending motions as moot and directs the Clerk to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on May 16, 2017.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy to*:
Ronald Freeman
1900 W. Oakland Park Blvd.
Fort Lauderdale, FL 33310